**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PUERTO RICO TELEPHONE COMPANY, Respondent.**

**No. 6548.**

United States Court of Appeals First Circuit.

Heard Feb. 9, 1966.

Decided March 15, 1966.

---

920

Warren M. Davison, Washington, D. C., Atty., with whom Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Marion Griffin, Atty., were on brief, for petitioner.

Fernando Ruiz-Suria, San Juan, P. R., for respondent.

Before ALDRICH, Chief Judge, and MARIS * and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

On this petition for enforcement of an order of the National Labor Relations Board, the issues concern the Board's findings that the Puerto Rico Telephone Company violated Section 8(a) (3) and (1) of the National Labor Relations Act in discharging one Sanchez for engaging in union activities and Section 8(a) (1) in threatening and coercing employees concerning their union activities.

While the record, as is usual in such cases, furnishes ample fodder for both parties, we cannot say, viewing it as a whole, that the Board's findings lacked substantial evidence. N. L. R. B. v. C. Malone Trucking, Inc., 1 Cir., 1960, 278 F.2d 92, 95; N. L. R. B. v. Whitin Machine Works, 1 Cir., 1953, 204 F.2d 883, 884–885.

As to the discharge, employee Sanchez had been admittedly active in union activities aiming at a more militant union attitude toward company policy resulting in contracting out work. The events leading up to her discharge included management admonitions concerning her union activities; the presentation of a memorandum critical of her for causing the erroneous disconnection of a customer's telephone—a frequent occurrence during this period of the company's operations—and a resulting emotionally charged exchange between her and her supervisor; an allegation that she had bribed the customer not to complain to the company (subsequently denied by the customer); a declaration by a supervisor on the day of the heated exchange that Sanchez was "already out of the department" because of bribery; and a written notice of discharge mailed seven days later assigning deficiencies in work and insubordination as the causes of discharge.

The background of the employee's union activity and management's expressed concern about it, the shifting reasons for discharge, and the precipitate oral declaration of discharge following the emotional incident persuade us that the Board's finding was supported by the evidence. In so concluding, we do not disregard the evidence of generally amicable relationships between union and company, nor the fact that other union activists were retained by the company. N. L. R. B. v. Corning Glass Works, 1 Cir., 1961, 293 F.2d 784. A violation of the Act does not need to be wholesale to be a violation. Nachman Corp. v. N. L. R. B., 7 Cir. 1964, 337 F.2d 421, 424; N. L. R. B. v. Nabors, 5 Cir., 1952, 196 F.2d 272, 276, cert. denied, 344 U.S. 865, 73 S.Ct. 106, 97 L.Ed. 671.

The evidence of threats was confined to separate private talks with employee Sanchez, and one Danielson. The conversation between Sanchez and the supervisor lasted three hours, that with Danielson an hour and a half. The company and employee versions differ, but we cannot say that the evidence as to talk of a "bad atmosphere", of possible transfer to another department, of ceasing union talk within or outside working hours, of the taking of "necessary measures" if "comments * * * and the atmosphere continued" was so lacking in credibility as not to support the Board's finding.

The order of the Board will be enforced.

* By designation.